# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **H.P., N.P., C.P. Jr., and D.P.**

**No. 19-1129** (Cabell County 19-JA-66, 19-JA-67, 19-JA-68, and 19-JA-69)

## MEMORANDUM DECISION

Petitioner Mother J.B., by counsel Cathy L. Greiner, appeals the Circuit Court of Cabell County's November 6, 2019, order terminating her parental rights to H.P., N.P., C.P. Jr., and D.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sarah E. Dixon, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner was arrested for physically abusing the oldest child, nine-year-old H.P., by squeezing her so hard that the child vomited and needed medical care. Petitioner was charged criminally as a result of this conduct and placed on home incarceration. The DHHR also alleged that petitioner was under the influence of methamphetamine and Neurontin when she attacked the child. Further, the DHHR alleged that petitioner was a party to a previous child abuse and neglect matter due to her chronic substance abuse and the children were returned to her care only six months prior to the initiation of the current matter. In relation to petitioner's criminal charges, the record shows that she was released on home incarceration shortly after the preliminary hearing in this matter and randomly

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

drug screened twice a week as a term of her release. The DHHR also provided petitioner with adult life skills classes, individualized parentings sessions, and supervised visitations.

At an adjudicatory hearing held in May of 2019, petitioner stipulated that her substance abuse negatively impacted her ability to parent and admitted that she relapsed in her substance abuse recovery since having the children returned to her care in the prior proceeding. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, but the DHHR and the guardian objected, arguing that petitioner's prior child abuse and neglect proceeding closed only six months prior and that petitioner would receive the same services she received in the prior case if granted an improvement period. The circuit court held the motion in abeyance. In June of 2019, a multidisciplinary team meeting was held, wherein the parties discussed issues of abuse and neglect from the prior proceeding in regard to the current matter. Specifically, one of the issues petitioner was required to correct in the prior proceeding was a lack of stable housing, which petitioner remedied by moving into the maternal grandmother's home with the children. However, two months after the prior petition was dismissed, petitioner abruptly left the maternal grandmother's home, removed the children from school, and "bounced around from place to place" leaving the children without a stable home.

In July of 2019, the circuit court held a dispositional hearing. The guardian proffered that H.P. disclosed that since the children were returned to petitioner's care, petitioner moved the family in and out of apartments with five different men and H.P. witnessed domestic violence and drug use in these homes. The DHHR moved to terminate petitioner's parental rights arguing that petitioner was given substantial resources in her prior case, including enrollment in an inpatient drug treatment program, twelve months of individualized parenting sessions, and nine months of adult life skills classes. Despite receiving these services, the DHHR argued, petitioner had not improved her ability to parent or remain sober without court supervision. Petitioner testified that she participated in outpatient drug treatment, attended narcotics anonymous meetings, and obtained housing. However, no evidence was introduced to corroborate these claims. The circuit court acknowledged that petitioner had made some improvements during the case, including her negative drug screens throughout the proceedings, but found that she "only seems to do better when she has accountability to the Court system." Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. The circuit court terminated petitioner's parental rights by order entered on November 6, 2019. Petitioner appeals this dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]The father's parental rights were previously involuntarily terminated and the permanency plan for the children is adoption by their maternal grandmother.

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without permitting her a post-adjudicatory improvement period. However, petitioner's brief on appeal is woefully inadequate, both in terms of complying with this Court's rules and in terms of attempting to establish error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle her to relief, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[3] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Even more critically, petitioner fails to take the meager step of attempting to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner has precluded any relief on appeal by failing to identify any alleged error on the part of the circuit court in imposing termination of her parental rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6) (2019),[4] circuit courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or

---

[3]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting her position is fatal to her appeal, and we find that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison